IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

Case No.: _____

JESSICA AYMAT-RUTH,

    Plaintiffs,

v.

NATIONAL SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____ /

Removed from Circuit Court
of Orange County, Florida
Case No: 2023-CA-001849-O

## NOTICE OF REMOVAL

COMES NOW Defendant National Specialty Insurance Company, by and through its undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of Orange County, Florida, Case No.: 2022-CA-007864-O, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

1. On or about March 6, 2023, Plaintiff filed a Complaint against Defendant in the Circuit Court of Orange County, Florida. That Complaint was served on Defendant on March 13, 2023.

2. In its Complaint, Plaintiff failed to allege that Plaintiff was domiciled in the State of Florida. *See Exhibit A - Complaint* at ¶ 8.

3. Plaintiff additionally alleged that she was seeking amount in controversy, "in excess of $30,000.00, exclusive of attorney fees, costs, and interest." *See Exhibit A - Complaint* at ¶ 1.

4. Plaintiff alleges that her property was insured under a policy of insurance issued by Defendant to Plaintiff, said policy bearing number VUW-HO-636050 ("the policy"). *See Exhibit A - Complaint* at ¶ 5.

5. Plaintiff further alleges that the Policy was in full force and effect as of March 1, 2022, the date upon which Plaintiff's property was damaged by "Wind, Wind driven rain, and/or hail (Loss)". *See Exhibit A - Complaint* at ¶¶ 9.

6. Plaintiff alleges that Defendant is in breach of contract for failing to "tender an appropriate amount to repair the Property." *See Exhibit A - Complaint* at ¶13.

7. Defendant is a Texas corporation having its principal place of business in Bedford, Texas. *See Exhibit E - Composite of Consent Order and Amendment to the Articles of Incorporation and Exhibit F - Foreign Corporation Annual Report*.

8. Plaintiff, through her Complaint, alleged that she waw seeking an amount of damages, in excess of $30,000.00, resulting from the loss, including court costs, intertest, and attorney's fees under Florida Statute § 627.428, § 627.70121. *See Exhibit A - Complaint* at ¶¶ 1, and the Wherefore Paragraph immediately following ¶ 23.

9. On April 3, 2023, Plaintiff provided a demand seeking $94,139.98. *See Exhibit B – Glace email of 04-03-2023* and *Exhibit C – Composite of Estimates*.

10. Since the undersigned counsel knew the citizenship of Defendant and now knew the amount in controversy, the remaining issue was Plaintiff's citizenship.

11. In the exercise of due diligence, the undersigned checked the records of the Orange County property appraiser. The property appraiser's records clearly indicate that Plaintiff has received a Homestead tax exemption for the insured property for calendar year 2022. *See Exhibit D - Property Tax Records*

12. Therefore, Plaintiff has applied for and received the Homestead Exemption under the Florida Constitution, per the records of the Orange County Property Appraiser. *See Exhibit D - Property Tax Records.*

13. Application for the homestead exemption requires affirmation that the property is your permanent residence. "Section 193.031, Florida Statutes (Supp. 1994), allows individuals to claim a home exempt from ad valorem taxation if they hold legal or beneficial title to that home and, in good faith, make it their permanent residence." *Robbins v. Welbaum*, 664 So. 2d 1, 2 (Fla. 3d DCA 1995) (emphasis added).

14. Defendant submits that Plaintiff has verified by such application that she is a permanent resident who resides at the homestead/insured property in Orange County, Florida, and therefore is domiciled in Florida, making them citizens of Florida for purposes of diversity jurisdiction.

15. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

16. 28 U.S.C. § 1332(c)(1) provides in pertinent part a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

17. 28 U.S.C. § 1441(a) provides in pertinent part any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

18. Plaintiff is a citizen of the State of Florida. *See Exhibit D - Property Tax Records.*

19. National Specialty Insurance Company is a corporation which has been, by consent order, domiciled in Texas. *See Exhibit E - Composite of Consent Order and Amendment to the Articles of Incorporation.* National Specialty Insurance Company's principal place of business is 1900 L. Don Dodson Drive, Bedford, Texas. *See Exhibit F - Foreign Corporation Annual Report.* Therefore, National Specialty Insurance Company is a citizen of Texas.

20. Plaintiff's claim for damages concerns an amount in controversy in excess of $75,000.00, exclusive of interests and costs. *See Exhibit B – Glace email of 04-03-2023* and *Exhibit C – Composite of Estimates.*

21. Based on the foregoing, this matter is subject to the original jurisdiction of the Court under 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

22.    This Notice of Removal is being filed within thirty (30) days of receipt of Plaintiff's demand and estimates, said receipt occurring on April 3, 2023, and said being the initiation of the time period removal.

23.    A complete copy of all process, pleadings and orders in the Circuit Court of Orange County, Florida in Case No.: 2022-CA-001849-O, as required by 28 U.S.C. § 1446(a) is attached hereto as *Exhibit G - Index of Record.*

24.    In compliance with 28 U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court of Orange County, Florida, a copy of which is attached to this Notice of Removal as *Exhibit H.*

WHEREFORE, Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida (Orlando Division).

Date: April 19, 2023                          Respectfully submitted,

By:    */s/ William M. Mims*
William M. Mims (Fla. Bar No. 0099567)
ROLFES HENRY COMPANY, L.P.A.
3191 Maguire Blvd., Suite 160
Orlando, FL  32803
Telephone:  (407) 284-4990
Email:    wmims@rolfeshenry.com
          jamador@rolfeshenry.com

Brian P. Henry, Esq. (Fla. Bar No. 0089069)
ROLFES HENRY COMPANY, L.P.A.
5577 Broadcast Court
Sarasota, FL  34240
Telephone:  (941) 684-0100
Email:    bhenry@rolfeshenry.com
          srainwater@rolfeshenry.com

*Attorneys for Defendant*
*National Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 19th day of April, 2023:

Louis A. Gonzalez, Esq. (Fla. Bar No. 84213)
Joseph P. Glace, Esq. (Fla. Bar No. 105935
VARGAS, GONZALEZ, BALDWIN, DELOMBARD, LLP.
2745 W. Fairbanks Ave, First Floor
Winter Park, FL 32789
Telephone: (850) 347-7943
Fax: (407) 603-7943
Email: NorthFloridaPleadings@vargasgonzalez.com
lgonzalez@vargasgonzalez.com
atratarou@vargasgonzalez.com
jglace@vargasgonzalez.com

*Attorneys for Plaintiff*

/s/ William M. Mims
William M. Mims (Fla. Bar No. 0099567)